UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

---

KRISTOPHER PAUL TORGERSON,

Plaintiff,

v.

LAW & CRIME PRODUCTIONS, LLC,

JELLYSMACK, INC.,

GOOGLE LLC d/b/a YOUTUBE,

Defendants.

Civil Action No. _____

---

VERIFIED COMPLAINT FOR DECLARATORY RELIEF, DAMAGES, AND INJUNCTIVE RELIEF

(Unauthorized Commercial Broadcasting, Due Process Violations, Emotional Harm, Right to Control Publicity, Unfair Competition, and Algorithmic Exploitation of Trial Testimony)

---

I. INTRODUCTION

1. This case arises from the unauthorized, full-length commercial livestreaming and monetization of Plaintiff Kristopher Paul Torgerson's

1

2017 Wisconsin murder trial by Defendants Law & Crime Productions, Jellysmack, and YouTube.

2. Defendants published, edited, monetized, and syndicated the trial—including custodial statements, graphic testimony, and disputed forensic evidence—without any court order authorizing broadcast rights, licensing approval, or consent from Plaintiff.

3. These acts violated Plaintiff's constitutional rights, caused reputational and emotional injury, impaired post-conviction relief efforts, and violated settled state and federal principles of procedural fairness, privacy, and content control.

## II. JURISDICTION AND VENUE

4. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1343 and supplemental jurisdiction under 28 U.S.C. § 1367.

5. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because Defendant Google LLC d/b/a YouTube maintains operational headquarters in New York, maintains commercial infrastructure for monetized streaming content here, and continues to profit from viewership in this District.

## III. PARTIES

6. Plaintiff Kristopher Paul Torgerson is currently incarcerated in Wisconsin. He has never consented to public rebroadcast or monetization of his criminal trial. His privacy, liberty, and post-conviction relief rights were directly impacted by Defendants' actions.

7. Defendant Law & Crime Productions, LLC is a media company headquartered in New York, engaged in courtroom livestreaming and commercial syndication.

8. Defendant Jellysmack, Inc. is a California-based AI syndication and video repackaging company that transforms raw trial footage into monetized "true crime" content for social platforms.

9. Defendant Google LLC d/b/a YouTube is a Delaware corporation with offices in California and New York. It hosts, promotes, and monetizes "true crime" content including full criminal trials and edited excerpts of Plaintiff's proceeding.

## IV. FACTUAL ALLEGATIONS

A. Lack of Judicial Authorization

10. Plaintiff was tried in State v. Kristopher Torgerson, 2014CF000860, in Marathon County, Wisconsin in March 2017.

11. The trial court did not issue any docketed order granting livestreaming rights to Law & Crime, Jellysmack, YouTube, or other non-local commercial entities.

12. No motion for courtroom filming or distribution rights appears on the docket. A review of the CCAP (Wisconsin Circuit Court Access) case file confirms this.

13. Marathon County does not have a standing order authorizing routine camera presence and historically has restricted filming unless specifically requested and approved.

14. Plaintiff, who was in custody, was never served or notified of any motion to broadcast his trial, nor was counsel asked to consent or object on the record.

B. Nature of the Content Disseminated

15. The entire trial, including graphic testimony, emotional statements, sensitive custodial interviews, and disputed forensic evidence, was captured and rebroadcast in full.

16. Portions were clipped and AI-enhanced by Jellysmack into viral true crime videos and algorithmically promoted by YouTube.

17. Viewers include jurors, community members, prospective employers, investigators, and parole authorities.

18. No content warnings, consent forms, or privacy disclaimers accompanied the videos.

19. As of the filing date, these videos remain publicly accessible and monetized by Defendants.

C. Legal and Emotional Injury

20. Plaintiff was convicted in a controversial trial involving highly contested forensic theories, unpreserved evidence, and postmortem medical disputes that continue to affect appellate and habeas litigation.

21. The unauthorized rebroadcast harmed Plaintiff's reputation stigmatized him in the public eye, and interfered with judicial proceedings.

22. The full broadcast violated his right to control his own image and likeness, deprived him of the opportunity to object, and monetized his trial without consent or compensation.

23. Plaintiff and his spouse were repeatedly harassed, threatened, and trolled online due to the widespread public commentary below the videos. Plaintiff and his wife has been trolled using the links to the videos a stalker has used on Facebook to continue harassment in another platform.

---

V. CAUSES OF ACTION

Count I – Violation of Constitutional Due Process (42 U.S.C. § 1983)

(Against all Defendants)

24. The commercial broadcast of a criminal trial without notice, consent, or judicial approval deprived Plaintiff of a meaningful opportunity to be heard under the Fourteenth Amendment.

25. The livestream altered the fundamental fairness of trial proceedings and created long-term reputational harm.

Count II – Common Law Right of Publicity / Appropriation of Likeness

(Against Law & Crime and YouTube)

26. Defendants used Plaintiff's image, name, and voice in commercial media without authorization or compensation, for the purposes of generating profit.

27. This constituted an unauthorized commercial use of Plaintiff's identity in violation of New York Civil Rights Law §§ 50–51 and common law privacy rights.

Count III – Fraudulent or Unlawful Access to Courtroom

(Against Law & Crime)

28. Defendants entered the courtroom and recorded a trial without filing any public-access motion or receiving written permission, in violation of local court access rules and judicial ethics.

29. This conduct amounted to a fraud upon the court and deprivation of procedural safeguards.

Count IV – Unjust Enrichment / Restitution

(Against All Defendants)

30. Defendants monetized the broadcast and earned revenue from content that Plaintiff did not authorize or consent to.

31. Defendants were unjustly enriched, and restitution is appropriate.

Count V – Injunctive and Declaratory Relief

(Against YouTube and Law & Crime)

32. Plaintiff seeks an order declaring Defendants' actions unlawful and enjoining further syndication or monetization of the trial.

VI. PRAYER FOR RELIEF

Plaintiff respectfully requests:

A. Declaratory judgment finding Defendants' conduct unconstitutional and unlawful.

B. Injunctive relief ordering all Defendants to:

- Cease publication of Plaintiff's trial.

- Remove or restrict access to the videos.

- Notify YouTube/Google AI systems to de-prioritize or de-link related content.

C. An accounting of profits earned from Plaintiff's trial footage.

D. Compensatory damages of $5,000,000 for reputational, emotional, and due process harm.

E. Punitive damages under New York law;

F. Costs, attorney's fees, and such other relief as the Court deems just and proper.

Respectfully Submitted,

/s/ Kristopher Paul Torgerson

Kristopher Paul Torgerson, #545043 (Pro Se)

Waupun Correctional Institution

200 S. Madison St., P.O. Box 351

Waupun, WI 53963-0351