UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

KRISTOPHER PAUL TORGERSON,

                Plaintiff,

-against-

LAW & CRIME PRODUCTIONS, LLC;
JELLYSMACK, INC.; GOOGLE LLC d/b/a
YOUTUBE,

                Defendants.

1:25-CV-7749 (LTS)

TRANSFER ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff Kristopher Paul Torgerson, who is currently incarcerated in the Waupun Correctional Institution, in Waupun, Wisconsin, brings this *pro se* action asserting claims under 42 U.S.C. § 1983 and under state law. He sues: (1) Law & Crime Productions, LLC ("L&C"); (2) Jellysmack, Inc. ("Jellysmack"); and (3) Google LLC "[doing business as] Youtube" ("Google"). Plaintiff seeks damages, injunctive relief, and declaratory relief.[1] For the following reasons, the Court transfers this action to the United States District Court for the Western District of Wisconsin.

## DISCUSSION

    The appropriate venue provision for Plaintiff's claims is found at 28 U.S.C. § 1391(b), which provides that, unless otherwise provided by law, a federal civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in

---

[1] Plaintiff has filed with his complaint a "motion for issuance of summons and service via certified mail or U.S. Marshals service due to Plaintiff's indigency and custody status." (ECF 4.)

this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question.[2] § 1391(c)(1), (2).

In his complaint, Plaintiff describes L&C, a limited liability company (LLC), as "a media company headquartered in New York, engaged in courtroom livestreaming and commercial syndication." (ECF 1, at 3.) He does not provide an address for L&C in his complaint, but does so in his motion, asserting that it is located in New York, New York, which lies within this judicial district.[3] (ECF 4, at 3.) With respect to Jellysmack, a corporation, he describes it as "a California-based [artificial intelligence] syndication and video repacking company that transforms raw trial footage into monetized 'true crime' content for social platforms." (ECF 1, at 3.) As with L&C, he does not provide an address for Jellysmack in his complaint, but does so in his motion; it is an address located in West Hollywood, California. (ECF 4, at 3.) He also states,

---

[2] With respect to a defendant that is a corporation, for venue purposes:

in a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

28 U.S.C. § 1391(d).

[3] This judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b).

in his motion, that Jellysmack is "headquartered in California." (*Id.* at 2.) With respect to Google, in his complaint, Plaintiff describes it as a "Delaware corporation with offices in California and New York. It hosts, promotes, and monetizes 'true crime' content including full criminal trials and edited excerpts of Plaintiff's proceeding." (ECF 1, at 3.) In his motion, Plaintiff provides a Mountain View, California, address for Google, and states that it too is "headquartered in California." (ECF 4, at 2-3.) He also states in his complaint, however, that Google "maintains operations headquarters in New York, maintains commercial infrastructure for monetized streaming content [there], and continues to profit from viewership in [that judicial] [d]istrict." (ECF 1, at 2.) Based on those allegations, while it appears that L&C resides in this judicial district, it is not altogether clear that one, if not, both of the other two defendants reside within the State of New York. Thus, it is not clear that this court is a proper venue for this action under Section 1391(b)(1).

      Plaintiff asserts that this court is a proper venue for this action, under Section 1391(b)(2), because Google "maintains operations headquarters in New York, maintains commercial infrastructure for monetized streaming content [there], and continues to profit from viewership in [that judicial] [d]istrict." (*Id.*) He also alleges that his Wisconsin state court criminal trial took place in Marathon County, Wisconsin. (*Id.* at 3.) Plaintiff further alleges that though that court "did not issue any docketed order granting livestreaming rights to [the defendants] or other non-local commercial entities," the defendants filed no motion in that court seeking permission to livestream that trial, that court had no standing order allowing for a "routine camera presence and historically restricted filming unless specifically requested and approved," and though Plaintiff "was never served with any motion to broadcast his trial nor was his counsel asked for such consent or objected on the record" to such broadcasting (*id.* at 3-4), the defendants conducted

"unauthorized, full-length commercial livestreaming and monetization of [his] . . . trial" and "published, edited, monetized, and syndicated the trial—including custodial statements, graphic testimony, and disputed forensic evidence—without any court order authorizing broadcast rights, licensing approval, or consent from Plaintiff" (*id.* at 1-2). Marathon County, Wisconsin, lies within the Western District of Wisconsin. *See* 28 U.S.C. § 130(b). Thus, while this court may be a proper venue for this action under Section 1391(b)(2), because a substantial part of the alleged events took place in Marathon County, Wisconsin, the United States District Court for the Western District of Wisconsin is also a proper venue for this action under that provision.

Under 28 U.S.C. § 1404(a), even if a civil action is filed in a federal district court where venue is proper, a court may transfer the action to any other federal district court where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate for this action. Because Plaintiff seems to allege that a substantial part of the events giving rise to his claims occurred within the Western District of Wisconsin, it is reasonable to expect that relevant documents and

witnesses would also be located within that judicial district. The United States District Court for the Western District of Wisconsin, which is a proper venue for Plaintiff's claims under Section 1391(b)(2), therefore, appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to that court. *See* § 1404(a); *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Western District of Wisconsin. *See* 28 U.S.C. § 1404(a). Whether Plaintiff should be permitted to proceed further without prepayment of fees, and whether the pending motion should be granted, are determinations to be made by the transferee court. Summonses shall not issue from this court. The Court directs the Clerk of Court to terminate ECF 4. This order closes this action in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   September 29, 2025
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge